IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLEOPHUS YOUNG,              )<br>                                              )<br>     Plaintiff,                     )<br>                                              )<br>v.                                          )<br>                                              )<br>EUGENE KNOX,                    )<br>                                              )<br>     Defendant.                   ) | CIVIL ACTION NO.  2:14cv346-MHT<br>                 (WO) |

**O R D E R**

On May 12, 2014, *pro se* plaintiff Cleophus Young filed this action against defendant Eugene Knox.  According to Young, Knox committed perjury to fraudulently collect life insurance benefits.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.  *Univ. of S. Ala. v.  Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action."  This court operates under an independent obligation to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are

prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

It does not appear from a review of the complaint that the plaintiff presents a federal question to invoke this court's federal question jurisdiction. *See* 28 U.S.C. § 1331. Although Young attempts to assert a claim under 42 U.S.C. § 1983, no substantive rights are created by Section 1983. It merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Community Hospital, Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States *and* that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* It does not appear that defendant Knox is a person "acting under color of state law."

In addition, it appears that the amount in controversy does not exceed $75,000 and all the parties are from Alabama. Consequently, there does not appear to be diversity jurisdiction. *See* 28 U.S.C. § 1332. Consequently, on the face of the complaint, it does not appear that this court has jurisdiction over this matter. Accordingly, it is

ORDERED that on or before **May 30, 2014**, the plaintiff shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. **The plaintiff is advised that if he fails to respond to respond to this order with specificity, the court will treat his failure to respond as an abandonment of the claims set forth in his complaint. The**

**plaintiff is further cautioned that if he fails to file a response in accordance with the directives of this order, the court will recommend that this case be dismissed.**

Done this 16th day of May, 2014.

                                              /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE