IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLEOPHUS YOUNG, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO.  2:14cv346-MHT ) (WO) |
| EUGENE KNOX, | ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 12, 2014, *pro se* plaintiff Cleophus Young filed this action against defendant Eugene Knox.  According to Young, Knox committed perjury to fraudulently collect life insurance benefits of his deceased wife.  On May 16, 2014, the court ordered the plaintiff to show cause why this case should not be dismissed for want of subject matter jurisdiction. (Doc. # 4).  The plaintiff filed his response on May 21, 2014.  (Doc. # 6).  Upon review of the complaint, and the plaintiff's response, the court concludes that this case should be dismissed prior to service for lack of subject matter jurisdiction.

**DISCUSSION**

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This court operates under an independent obligation to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

The plaintiff contends that this court has jurisdiction over his complaint pursuant to 28 U.S.C. § 1331, its federal question jurisdiction. (Doc. # 6 at 1). Although Young attempts to assert a claim under 42 U.S.C. § 1983, no substantive rights are created by Section 1983. It merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Community Hospital, Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States *and* that the act or omission causing the deprivation was committed by a person *acting under color of state law*. *Id.* (emphasis added).

In his response, Young contends that Knox was acting under color of state law and in doing so, deprived Young of his constitutional rights.

> Defendant Knox were (sic) acting at all time under color of state law and Defendant Agents Montgomery Police Dept. in and about March 2011 Montgomery Police Dept. refuse to question Defendant or charge him with a crime. Said action deprived Plaintiff of the Equal Protection of the Law and

Due Process of the Law, in violation of U.S. Constitution.

(Doc. # 6 at 1).

It is not sufficient for Young to merely assert that Knox was acting under state law and somehow violated his constitutional rights. He must do more than simply recite constitutional catch phrases and legal jargon. In order for the court to have jurisdiction over this matter, Young must allege some facts that support his assertions. This he has failed to do. Young presents no facts from which the court can conclude that Knox was acting under color of state law.[1] While a complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). In short, this court lacks jurisdiction over the plaintiff's claims, and this case is due to be dismissed. Accordingly, the complaint is due to be dismissed for lack of subject matter jurisdiction. FED.R.CIV.P. 12(h)(3).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be dismissed with prejudice for lack of subject matter jurisdiction. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 6, 2014.** Any objections filed must specifically identify the findings in the

---

[1] Although Young asserts that unnamed Montgomery police officers were acting as "agents" of Knox, this conclusory allegation is simply insufficient to establish jurisdiction over this matter.

Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this  23rd day of May, 2014.

                                                /s/Charles S. Coody  
                                              CHARLES S. COODY  
                                              UNITED STATES MAGISTRATE JUDGE